# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50351
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HOMERO ELEAZAR SANCHEZ-LARITA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-957-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Homero Eleazar Sanchez-Larita pleaded guilty to illegal reentry after removal, in violation of 8 U.S.C. § 1326. The district court imposed a sentence of 43 months of imprisonment, which was within the applicable sentencing guidelines range. On appeal, Sanchez-Larita challenges the substantive reasonableness of his sentence, arguing that it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50351

As an initial matter, Sanchez-Larita contends that the applicable guidelines provision, U.S.S.G. § 2L1.2, is not empirically based and, therefore, his sentence should not be subject to the presumption of reasonableness normally due to within-guidelines range sentences. However, he concedes that this argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Campos-Maldonado,* 531 F.3d 337, 339 (5th Cir. 2008).

Because Sanchez-Larita objected in the district court, we review for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *See Gall v. United States,* 552 U.S. 38, 49-51 (2007). A within-guidelines sentence is entitled to a presumption of reasonableness. *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

The district court heard and considered Sanchez-Larita's arguments for a downward variance. It specifically considered his brief criminal history, his three prior removals, his past drug use, and his efforts at drug rehabilitation. The district court also stated that the sentence was based on the § 3553(a) factors, particularly Sanchez-Larita's history and characteristics as well as the needs for deterrence and to protect the public. Sanchez-Larita's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See Cooks,* 589 F.3d at 186; *Gall,* 552 U.S. at 49-51.

AFFIRMED.